IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CARD LIMITED, LLC, a Utah Limited Liability Company,<br><br>             Plaintiff,<br><br>v.<br><br>METABANK, dba META PAYMENT SYSTEMS, National Banking Association,<br><br>             Defendant and Counterclaimant,<br><br>v.<br><br>CARD LIMITED, LLC, a Utah Limited Liability Company,<br><br>             Counterclaim Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING WITHOUT PREJUDICE COUNTERCLAIMANT METABANK'S [30] COUNTERCLAIM AGAINST COUNTERCLAIM DEFENDANT CARD LIMITED ON THE BASIS OF MOOTNESS**<br><br>Case No. 2:16-cv-00980<br><br>District Judge David Nuffer |

A previous memorandum decision and order ("Previous Order")[1] in this case granted Defendant MetaBank's ("MetaBank") for Summary Judgment and dismissed—with prejudice—Plaintiff Card Limited's ("Card Limited") Amended Complaint.[2] That previous order also identified a potential concern with MetaBank's remaining counterclaim in this case.[3]

---

[1] Sealed Memorandum Decision and Order Granting Defendant's [88] Motion for Summary Judgment; Finding Moot the Remaining Requests for Relief in Defendant's [88] Motion, Plaintiffs' [93] Motion For Partial Summary Judgment and Defendant's [89] Motion to Exclude Expert Opinions and Testimony; Providing Notice Under Federal Rule Of Civil Procedure 56(F) Regarding Potential Summary Judgment on MetaBank's [30] Counterclaim and Requiring Responsive Briefing; and Vacating Final Pretrial and Trial Dates, docket no. 146, filed under seal August 7, 2019.

[2] *Id.* at 13.

[3] *Id.* at 11.

MetaBank's remaining counterclaim seeks declaratory judgment that it is the "exclusive owner" owner of any funds that remain in the operating accounts used in association with the prepaid debit card program that is at issue in this case.[4] But the previous order recognized that neither party can claim ownership to these funds because both parties acknowledged that these remaining funds "are likely subject to the claims of consumers, the duty of escheatment, and subject to state laws of unclaimed property."[5] Because of this issue, the court ordered responsive briefing from the parties.[6]

In its responsive brief, MetaBank agreed that its counterclaim should be dismissed without prejudice on grounds of mootness because the previous order acknowledged the parties' concession regarding the status of the ownership of funds remaining in the operating accounts.[7] But in its responsive brief, Card Limited raised an entirely new issue: that under a 2015 Indemnification Agreement between MetaBank and Card Limited, Card Limited assumed responsibility for handling all unclaimed property and escheatment processes related to the prepaid debit card programs it was managing.[8] Because Card Limited is the party responsible for the Escheatment Processes, Card Limited asserts that all funds remaining in the operating accounts should be remitted to Card Limited for appropriate distribution.[9]

Although it is concerning that Card Limited would raise this new issue after its own complaint has been dismissed (especially because Card Limited is once again seeking

---

[4] Answer to Amendment Complaint and Counterclaim at 12, docket no. 30, filed September 13, 2017.

[5] Previous Order at 10-11.

[6] *Id.* at 13.

[7] Defendant's Brief Regarding Disposition of Declaratory Judgment Action Counterclaim at 2, docket no 147, filed August 21, 2019.

[8] Plaintiff's Response Brief Re Disposition of Declaratory Judgment Counterclaim and Request for Evidentiary Hearing at 3, docket no. 148, filed September 3, 2019.

[9] *Id.* at 4.

entitlement to funds in the operating accounts), because MetaBank has acknowledged that its counterclaim is moot, there is no longer subject matter jurisdiction over the case. "[B]ecause the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction[,]" no subject matter jurisdiction exists over claims that are moot[10]. "Without a live, concrete controversy," there is no "jurisdiction to consider claims no matter how meritorious."[11] And in the absence of subject matter jurisdiction a case must be dismissed without prejudice.[12]

MetaBank's counterclaim is therefore dismissed without prejudice as moot and the case will be closed.

### ORDER

IT IS HEREBY ORDERED that Counterclaimant MetaBank's Counterclaim[13] is MOOT and is DISMISSED WITHOUT PREJUDICE.

The clerk is directed to close the case.

Signed September 29, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[10] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir.2010) (quoting *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir.2005)).

[11] *Id.* (quoting *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir.2008)).

[12] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

[13] Answer to Amendment Complaint and Counterclaim, docket no. 30, filed September 13, 2017.